UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GALVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-05905-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROVIDE NAMES AND LOCATIONS OF DEFENDANTS; DENYING MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR APPOINMENT OF GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 26 |

**INTRODUCTION**

Plaintiff, currently an inmate at the Yolo County Jail proceeding without representation by an attorney, filed this civil action in the United States District Court for the Eastern District of California. The Eastern District granted him leave to proceed *in forma pauperis* and dismissed the complaint with leave to amend. (ECF No. 17.) Plaintiff filed an amended complaint (ECF No. 20), which is now the operative complaint.[1] The Eastern District transferred the case to this Court under 28 U.S.C. § 1404(a). (ECF No. 21.)

For the reasons explained below, the amended complaint is DISMISSED, but with leave to further amend certain claims. If Plaintiff chooses to file a second amended complaint, he is directed to include the name of any "John Doe" Defendant and the location of all Defendants to enable the United States Marshal to serve them. Plaintiff's motion for appointment of counsel (ECF No. 26) and request for appointment of a guardian ad litem (ECF No. 23) are denied.

---

[1] When he filed the amended complaint, he was at Atascadero State Hospital, but he has since notified the Court he is at the Yolo County Jail. (ECF No. 24.)

**BACKGROUND**

Plaintiff alleges the following. He was released from Atascadero State Hospital on parole in 2018. (ECF No. 20 at 2.) He "signed a condition of parole" while at Corcoran State Prison "agreeing to the terms of participating in mental health treatment" and the "terms (MDO)[2] parole." (*Id.*) When he reported to his parole officer, he "signed his conditions to participate in treatment at Evans Lane Behavioral Health." (*Id.*) Defendant Dr. Johnson "sexually harassed" Plaintiff at Evans Lane in 2019. (*Id.*) Plaintiff reported the harassment to Dr. Johnson's supervisor, and Evans Lane and Plaintiff's parole officer, Defendant John Detar, moved Plaintiff to "Life Choices Sober Living Home." (*Id.*) Plaintiff alleges:

> Community Solutions Organization [gave] him a contract stating that they will pay Plaintiff[']s rent as long as Plaintiff comes to Community Solutions for his mental health treatment meetings. So Plaintiff did for a number of weeks until one day. Defendant Tiffany Franko became a whistleblower stating that Community Solutions has not been paying rent for seven years [] and was tired of partial payments. So Plaintiff was immediately evicted forcing him to be homeless [] without reasonable accommodation for an alternative [sic] program.

(*Id.*) Besides Dr. Johnson and Detar, Plaintiff lists three other individuals as Defendants: Tiffany Franko from Life Choices Sober Living Home ("Life Choices"), California Governor Gavin Newsom, and "John Doe of Community Solutions." (*Id.* at 1-2.) He does not sue any of the entities employing these Defendants. (*See id.*)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify actionable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by self-represented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[2] Plaintiff does not explain what "MDO" means.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

**LEGAL CLAIMS**

I. **Plaintiff's Claims**

Plaintiff claims:

> Community Solutions breached Plaintiff[']s contract for forcing Tiffany Franko to evict Plaintiff who suffers from a mental illness, and was in that program due to that mental illness that is a condition of his parole contract. All parties denied Plaintiff[']s request to continue mental health treatment as a reasonable accommodation therefore violating ADA [] of 1990 and Section[s] 504 and 794 of the Rehabilitation Act [of] 1973. Such denial denies federal relief benefits and federally funded activities under 18 U.S.C. 245-246. Based on his participation and treatment. Had Plaintiff not suffer[ed] from a disability the discrimination would have not took [sic] place. Therefore this violation was with deliberate indifference to Plaintiffs' serious need for treatment as a (MDO) parolee. Due to the fact that there clearly was a contract. That was a duty owed to Plaintiff to pay his rent. And breach of this contract violates the 14th Amendment of the U.S. Constitution for cruel and unusual punishment to serious mental health needs. That is the contractoral [sic] agreement. Had Dr. Johnson not sexually harass[ed] Plaintiff at Evans Lane[,] he would not be at Community Solutions where the deceptive act took place discriminating with breach of contract.

(ECF No. 22 at 2.)

The Court construes these allegations to claim Defendants: (1) violated Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C § 794; (2) violated 18 U.S.C. §§ 245-46; (3) were deliberately indifferent to his serious mental health needs in violation of his constitutional rights; and (4)

3

1  breached a "contract" with him.

2        1.      ADA and Rehabilitation Act Claims

3  Plaintiff alleges he suffers from mental illness and he sues two public officials — Detar

4  and Newsom — and three other individuals, Johnson at Evans Lane, Franko at Life Choices, and

5  "John Doe" from Community Solutions, respectively. Title II of the ADA, which applies to

6  public entities, provides: "No qualified individual with a disability shall, by reason of such

7  disability, be excluded from participation in or be denied the benefits of the services, programs, or

8  activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §

9  12132. If Evans Lane, Life Choices, and Community Solutions are private businesses or

10  organizations, then Title III applies, and provides: "No individual shall be discriminated against on

11  the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

12  advantages, or accommodations of any place of public accommodation by any person who owns,

13  leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

14  Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a

15  disability in . . . shall, solely by reason of her or his disability, be excluded from the participation

16  in, be denied the benefits of, or be subjected to discrimination under any program or

17  activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

18  The elements of a cause of action under Title II are: "(1) the plaintiff is an individual with

19  a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some

20  public entity's services, programs, or activities; (3) the plaintiff was either excluded from

21  participation in or denied the benefits of the public entity's services, programs or activities, or was

22  otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

23  discrimination was by reason of the plaintiff's disability." *Thompson v. Davis,* 295 F.3d 890, 895

24  (9th Cir. 2002); *cf. Olmstead v. Zimring*, 527 U.S. 581, 589-91 (1999) (holding essentially same

25  showing required to state cause of action under Section 504 of the Rehabilitation Act). "To

26  prevail on a claim under Title III of the ADA, a plaintiff must prove that (1) [he or] she has

27  a disability; (2) the defendant operates, leases, or owns a place of public accommodation; and (3)

28  the plaintiff was denied appropriate accommodations by the defendant because of [his or] her

4

disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1); *see also Vinson v. Thomas*, 288 F.3d 1145, 1152 n.11 (9th Cir. 2002) (analyzing disability under Rehabilitation Act by reference to ADA authority because "there is no significant difference in the analysis of rights and obligations created by" the two Acts).

Plaintiff's allegations regarding his mental illness are sufficient to allege he suffers from a disability under the ADA and Rehabilitation Act. Plaintiff has not, however, sufficiently alleged how Defendants discriminated against him on the basis of that disability because he does not allege how Defendants "excluded him from" or "denied him the benefits of" which "services, programs, or activities," *Thompson*, 295 F.3d at 895, or what "appropriate accommodations" Defendants denied him, *Molski*, 481 F.3d at 730. Plaintiff alleges no actions by Defendant Governor Newsom. The only alleged conduct by Defendant Agent Detar is that he helped move Plaintiff from Evans Lane to Life Choices, but there is no allegation as to what services or other benefits this denied Plaintiff. Dr. Johnson allegedly sexually harassed Plaintiff, but there are no allegations connecting this conduct to a failure to accommodate his disability. Tiffany Franko is only alleged to have been a whistleblower who complained to Community Solutions about not paying rent, but Plaintiff does not allege she did not accommodate his disability. Lastly, Plaintiff alleges no actions or conduct by the John Doe Defendant at Community Solutions. Consequently, Plaintiff's amended complaint does not state a claim against Defendants for a violation of his rights under the ADA or Rehabilitation Act.

In addition, if Evans Lane, Life Choices, and Community Solutions are private and not public entities, it cannot be discerned from Plaintiff's allegations whether they qualify as "place[s] of public accommodation" under Title III. *See* 42 U.S.C. § 12182(a); 42 U.S.C. § 12181(7) (listing private entities considered "public accommodations").[3] Plaintiff has not alleged any facts

---

[3] To be liable under the Rehabilitation Act, these organizations must be a "program or activity receiving Federal financial assistance," which is not apparent from Plaintiff's allegations.

5

describing what type of entities these are, what they do, or what types of services they provide. To state a claim against these organizations or their employees under the ADA, Plaintiff must allege sufficient facts about them to plausibly establish they are "place[s] of public accommodation" within the meaning of the statute.

Lastly, the Defendants who are public officials — Detar and Governor Newsom — cannot be sued individually under Title II of the ADA or under Section 504 of the Rehabilitation Act. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' . . . That term, as it is defined within the statute, does not include individuals."); *Lollar v. Baker*, 193 F.3d 603, 609 (5th Cir. 1999) (holding defendants cannot be sued as individuals under the Rehabilitation Act because they are not a "program or activity"); *see also Baker v. Oregon*, 170 F.Supp.2d 1061, 1069 (D. Oregon 2001) (citing cases).

Plaintiff will be given further leave to amend to cure the deficiencies in these claims.

2.      Constitutional Claim

Under 42 U.S.C. § 1983, a plaintiff may bring claims alleging: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the first element, Plaintiff refers to the Fourteenth Amendment, but also to "cruel and unusual punishment," which is prohibited by the Eighth Amendment. (ECF No. 22 at 2.) These Amendments may be implicated where an *inmate* is denied adequate care for their serious mental health needs: the Eighth Amendment prohibits deliberate indifference to a prisoner's serious mental health care needs, *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish treatment by showing that officials have been deliberately indifferent to his serious medical needs), and where the inmate is a pretrial detainee rather than a convicted prisoner, his rights derive from the Fourteenth Amendment's Due Process Clause, *see Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

Plaintiff was not in custody at the time of the alleged events in the amended complaint; he was a parolee. No authority of which the Court is aware provides the Eighth or Fourteenth

6

1    Amendments prohibit deliberate indifference to the medical or mental health needs of a parolee, as
2    opposed to an inmate awaiting trial or a convicted prisoner.  The Court finds persuasive decisions
3    concluding that no such constitutional protection exists for parolees because parolees, unlike
4    inmates in jail or prisons "who cannot by reason of the deprivation of [their] liberty, care for
5    [themselves]," *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), parolees are not prevented from
6    seeking their own medical care.  *See Cook v. California*, 2016 WL 4161114, at *5 (E.D. Cal. Aug.
7    5, 2016) ("Generally, the state is not required to provide medical care to a parolee, because
8    parolees are no longer incarcerated and unable to provide for their own care"); *Brooks v. Davis*,
9    2016 WL 3221832 * 2 (N.D. Cal. 2016) ("Furthermore, the Eighth Amendment does not impose a
10   duty on parole officers to provide humane conditions for parolees, even those with mental health
11   issues") (internal quotation and citation omitted); *cf. Estelle*, 429 U.S. at 103 ("An inmate must
12   rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will
13   not be met.").

14   Plaintiff's allegations are also insufficient under the second element of a Section 1983
15   claim as to Defendants Dr. Johnson, Franko, and Doe because he has not alleged facts plausibly
16   showing these Defendants acted under "the color of state law." *West*, 487 U.S. at 48.  A private
17   individual does not act under color of state law, an essential element of a § 1983 action.  *Gomez v.*
18   *Toledo*, 446 U.S. 635, 640 (1980).

19   Lastly, with respect to Defendant Newsom, under no circumstances is there *respondeat*
20   *superior* liability under section 1983, meaning under no circumstances is there liability under
21   Section 1983 solely because a person is responsible for the actions or omissions of another.  *See*
22   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  The only alleged involvement of Defendant
23   Governor Newsom in Plaintiff's claims is that Newsom is "responsible for the operation of the
24   California Department of Corrections" and "for the welfare of all inmates and parolees in control[]
25   of Plaintiff[']s contract to seek mental health treatment as a parolee." (ECF No. 22 at 1.)  These
26   allegations do not state a claim against Newsom under Section 1983 because they are purely based
27   on theory that he was responsible for the actions of his subordinates.

28   Plaintiff will be given leave to further amend to allege facts that render this claim capable

7

of judicial determination.

        3.      <u>18 U.S.C. §§ 245 and 246 Claim</u>

Plaintiff's claim that Defendants violated 18 U.S.C. §§ 245 and 246 cannot proceed. These are federal criminal statutes, which are enforceable only by federal prosecutors, not private individuals. There is no authority of which the Court is aware that these statues give rights to individuals for which they may seek relief under Section 1983. Accordingly, this claim is dismissed for failure to state a claim that is capable of judicial determination. Leave to amend will not be granted because Plaintiff has no cause of action under these statutes.

        4.      <u>Breach of Contract Claim</u>

Plaintiff's breach of contract claim falls under state law. *See Careau & Co. v. Security Pacific Business Credit, Inc*. 222 Cal.App.3d 1371, 1388 (1990) (setting forth elements for a claim of breach of contract). Section 1983 does not impose liability for violations of state law. *See DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989). However, under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's breach of contract claim is based upon the same alleged denial of mental health care as Plaintiff's claims under federal law. Therefore, this claim is sufficiently related to Plaintiff's federal claims that the Court has jurisdiction over it under 28 U.S.C. § 1367(a).

However, Plaintiff does not satisfactorily allege a breach of contract claim. Under California law, a breach of contract claim requires four elements: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2006). Plaintiff alleges Community Solutions breached a contract, but he does not name Community Solutions as a defendant. And he does not sufficiently identify what the contract said and what Community Solutions did that was a breach of that contract. Plaintiff will be given leave to further amend his complaint to attempt to allege a breach of contract claim against Community Solutions. But the breach of contract claim as to the named defendants is dismissed without leave

1  to amend as amendment would be futile.

2        5.      <u>Names and Locations of Defendants</u>

3  The amended complaint does not provide the name of Defendant "John Doe" at Community Solutions or the location of any of the Defendants. In cases involving plaintiffs proceeding *in forma pauperis* (IFP), the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the United States marshal to effect service. Fed. R. Civ. P. 4(c)(3). If service of the summons and complaint is not made upon a defendant within 90 days of the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m). "[A]n incarcerated pro se plaintiff proceeding [IFP] is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, while incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

If Plaintiff chooses to further amend his complaint, he must include the name of any John Doe Defendant and, for all of the Defendants, sufficient location information to enable the United States Marshal to serve them..

## II. Appointment of Counsel and Guardian Ad Litem

### 1. Guardian Ad Litem

Plaintiff requests appointment of a guardian ad litem. Rule 17( c)(2) of the Federal Rules of Civil Procedure provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The decision whether to appoint a guardian ad litem is "left to the sound discretion the trial court." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). The Court recently denied Plaintiffs' requests for such appointment in another case filed by him. *See Bennett v. Santa Clara County Superior Court*, No. C 22-7673 JSC (ECF Nos. 28, 32). Plaintiff argued the determination of mental incompetency in his criminal proceedings and his mental illness warranted appointment of a guardian ad litem. (*See id.*, ECF No. 24 at 2; ECF No. 27 at 7.) The Court explained prosecuting a civil rights case "is far less complex than defending himself in a criminal trial" (*id.*, ECF No. 28 at 2:14-15), and he had shown more than adequate mental competency in his papers (*id.* at 2-3). When Plaintiff eventually produced records of his mental health problems and care, the Court explained in detail why they did "not suggest Plaintiff's mental health problems render him incapable of proceeding . . . on his own." (Case No. 22-7673 JSC, ECF No. 32 at 2-3 ("He is alert and oriented, not delusional, adjusting well at his present place of confinement, and he himself describes his strengths as reading and writing, which are necessary skills for civil litigation.").

Plaintiff repeats the same arguments here, that he was found incompetent to stand trial in his state court criminal proceedings and suffers from mental illness. (ECF No. 20 at 3 (he is "at Atascadero State Hospital under Penal Code 1370 and cannot represent himself due to mental illness"); *see also* ECF No. 23 at 1.) He again submits mental health records from Atascadero State Hospital, albeit slightly less recent ones than those he submitted in his prior case, and they

10

1   demonstrate similar mental health issues, treatment, and capacity.[4]  (*See* ECF No. 20 at 4-9; Case

2   No. C 22-7673 JSC, ECF No. 30 at 40-42.)  For the reasons explained in his prior case, these

3   arguments and records do not warrant appointment of a guardian ad litem to represent him in this

4   case.  In addition, the amended complaint and voluminous motions filed by Plaintiff in this case,

5   though not always a model of clarity, demonstrate Plaintiff continues to have sufficient mental

6   capacity to present comprehensible — albeit legally insufficient — claims.

7       Plaintiff also argues for appointment of a guardian ad litem on the grounds that restrictions

8   on legal property and "access to the law library, legal copys [sic], writing paper, stamps,

9   envelopes, and postage" at the Yolo County Jail prevent him from prosecuting this case

10  effectively.[5]  (ECF No. 23 at 1; *see also* ECF No. 24.)  These factors are not relevant to the

11  competency determination in Rule 17(a), which relates to mental health competence.  *See Davis*,

12  745 F.3d at 1310 (finding incompetence under Rule 17(a) based upon mental health problems).

13  The conditions Plaintiff alleges relate to his right of access to the courts, *see generally Lewis v.*

14  *Casey*, 518 U.S. 343, 350 (1996), and any claim for the violation of those rights at the Yolo

15  County Jail must be filed in a separate case under 42 U.S.C. § 1983 against officials there.

16      2.    <u>Appointment of Counsel</u>

17      Plaintiff has also filed a motion for appointment of counsel.  There is no constitutional

18  right to counsel in a civil case under Section 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th

19  Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en

20  banc).  A court "may request an attorney to represent any person unable to afford counsel" under

21  28 U.S.C. § 1915(e)(1) under exceptional circumstances, which is a decision that rests within "the

22  sound discretion of the trial court."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

23  This case does not present exceptional circumstances.  Plaintiff has submitted comprehensible

---

[4] The records submitted here are from June 2023, and the records submitted in his prior case are from September 2023.  (*See* ECF No. 20 at 4-9; Case No. C 22-7673 JSC, ECF No. 30 at 40-42.) If anything, the records he submitted here are therefore less relevant to his present mental capacity.

[5] The Court notes that since his transfer to the Jail, he has been able to file a motion for appointment of counsel in this case (ECF No. 24) and a notice of appeal in his prior case, *Bennett v. Santa Clara County Superior Court*, No. C 22-7673 JSC (ECF No. 40).

United States District Court
Northern District of California

1  filings and has done so from his present location at the Yolo County Jail.  In addition, it is not yet
2  apparent that Plaintiff has any claims capable of judicial determination.  Consequently, the Court
3  concludes that referral for representation by an attorney is not warranted at this time.  Officials at
4  the Yolo County Jail are requested to provide Plaintiff reasonable access to his legal papers related
5  to this case, law library or other legal research, and other materials (such as paper, writing
6  materials, and postage) needed for him to file pleadings or other papers required to prosecute this
7  case.

## CONCLUSION

For the reasons explained above,

1. Plaintiff's claim under 18 U.S.C. §§ 246 and 246 is DISMISSED without leave to amend.  Plaintiff's claim for breach of contract is dismissed without leave to amend, except that he can attempt to amend to allege a breach of contract claim against Community Solutions.  His remaining claims are DISMISSED with leave to amend.

2. The motion for appointment of counsel (ECF No. 26) and request for appointment of a guardian ad litem (ECF No. 23) are DENIED.

3. Plaintiff shall file a second amended complaint on or before **May 27, 2024**.  The second amended complaint must include the caption and civil case number used in this order (No. C 23-5905 JSC (PR)) and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his second amended complaint all the claims he wishes to pursue.  The second amended complaint must include the name of any John Doe Defendant and sufficient location information for the United States Marshal to serve all of the Defendants.  **If Plaintiff fails to file a second amended complaint within the designated time and in compliance with this order, or if it is not sufficient, the case will be dismissed.**

4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 9, 2024

JACQUELINE SCOTT CORLEY
United States District Judge