UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>GALVIN NEWSOM, et al.,<br><br>  Defendants. | Case No. 23-cv-05905-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTION TO COMPEL AND FOR SANCTIONS**<br><br>Re: Dkt. No. 29 |

Plaintiff, currently an inmate at the Yolo County Jail proceeding without representation by an attorney, filed this civil action in the United States District Court for the Eastern District of California. The Eastern District granted him leave to proceed *in forma pauperis* and dismissed the complaint with leave to amend. (ECF No. 17.) Plaintiff filed an amended complaint (ECF No. 20), and the Eastern District transferred the case to this Court under 28 U.S.C. § 1404(a) (ECF No. 21).

On April 9, 2024, the Court dismissed Plaintiff's amended complaint for failure to present a claim that is capable of judicial determination. (ECF No. 27.) Plaintiff was granted 28 days to file a second amended complaint, and warned that if he did not do so the case would be dismissed. (ECF No. 27 at 12:24-25 ("If Plaintiff fails to file a second amended complaint within the designated time and in compliance with this order, or if it is not sufficient, the case will be dismissed.") (emphasis omitted)). He has not filed an amended complaint, requested an extension of time to do so, or shown cause why not.

Plaintiff has filed "objections" to the order dismissing the amended complaint with leave to further amend. (ECF No. 28.) Filing "objections" to court orders is not authorized by the Federal Rules of Civil Procedure, the Civil Local Rules, or any order by this Court. Under Rule 7 of the Federal Rules of Civil Procedure, the only pleading a plaintiff may file is a complaint, and any

"request for a court order must be filed by a motion." Fed. R. Civ. P. 7(a),(b). To the extent Plaintiff seeks reconsideration of the Court's decision that he has not stated a claim that is capable of judicial determination, he must file a motion for reconsideration under Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.

Plaintiff also filed a "motion for an order compelling discovery and motion for sanctions for noncompliance with court rule Fed. R. Civ. P. 11/Fed. R. Civ. P. 37(a)." (ECF No. 29.) Plaintiff indicates he "served" a copy of the amended complaint "titled as 'First Amended Complaint with Motion for Summary Judgment and Interrogatories'" on "the Office of the Attorney General." (*Id.* at 1.) Sending these items to the Attorney General does not satisfy the requirement to serve Defendants with a summons and complaint. *See* Fed. R. Civ. P. 4 (requiring service of summons and complaint and setting forth procedures for such service). In addition, Plaintiff has not stated a claim that is capable of judicial determination. *See* 28 U.S.C. § 1915A(b) (requiring district court to engage in a preliminary screening of cases in which prisoners seek redress from a government official and dismiss any claims which fail to state a claim upon which relief may be granted). Defendants were not obligated to respond to Plaintiff's amended complaint, motion, or interrogatories because they have not been served, and Plaintiff has not submitted any claims that he may pursue. Accordingly, Plaintiff's motion to compel and for sanctions is DENIED.

As Plaintiff has not filed an amended complaint, requested an extension of time to do so, or shown cause why not, this case is DISMISSED with prejudice. *See WMX Technologies v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (when complaint has been dismissed with leave to amend and plaintiff does not amend, further district court determination is necessary).

The clerk shall enter judgment and close the file. This order resolves docket number 29.

**IT IS SO ORDERED.**

Dated: June 3, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

2